UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                                  : CHAPTER 13
    MELVIN M. MURPHY                         :
                                                                :
    Debtor(s)                                        : NO.  15-15629 AMC

## SECOND AMENDED CHAPTER 13 PLAN

    1. The Debtor(s) shall pay the Trustee the total sum of $34,420.00 over a period of sixty (60) months.

    The sum of $175.00 per month for the first eight (8) months, starting in September, 2015 and then increasing to $635.00 per month for the following fifty-two (52) months, starting in May, 2016.

    2. From the payments so received the Trustee shall make disbursements in the following order:

    A. First:

    (i) Trustee's commission.(Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed ten (10%) percent.

    (ii) The attorney fees for $2,210.00 owed to Michael A. Latzes, Esquire

    B. Second:

    (a) Holder of allowed secured claims shall retain their liens securing such claims and shall be paid as follows:

    (i) The entire car loan of $6,691.00 owed to Philadelphia Federal Credit Union. ($5,908.55 @ 5% interest for 60 months)
    (ii) The entire mortgage loan of $5,600.00 owed to Citimortgage. (5702 Thomas Ave., Philadelphia, PA)
    (iii) The real estates of $14,281.00 (includes 9% interest for 60 months) owed to the City of Philadelphia. (2009-2015 real estate taxes for 5702 Thomas Ave., Philadelphia, PA)
    (iv) The water/sewer lien of $216.87 owed to the City of Philadelphia. (1705 N. Edgewood St.)

    C. Third:

    (a) Full payment of deferred cash payments entitled to priority under 11 U.S.C. Section 507:

    D. Fourth:

    (i) Any remaining balance shall be paid pro rata to unsecured creditors that file a Proof of Claim in a timely manner.

    4. Any recovery by debtor in his worker's compensation claim, in excess of applicable exemptions, shall be paid to the Chapter 13 Trustee in addition to debtor's plan payments, for the benefit of the unsecured creditor.

    5. Debtor will continue to make his mortgage payments directly to Village Capital & Investment, LLC. Debtor's entire car loan owed to Philadelphia Federal Credit Union will be paid entirely through the Chapter 13 Plan. Debtor will be responsible to pay all post-petition real estates on 5702 Thomas Ave., Philadelphia, PA. (2016, 2017....) to the City of Philadelphia.

    6. Upon completion of this or any other duly confirmed plan, as amended, or such earlier time when full payment under the plan is received by any of the respective creditors, all tax liens, security interests or mortgages that are paid in full, as such underlying obligations are finally determined by the Court, shall be satisfied of record without additional cost to the Debtor.

    7. Upon completion of this or any other duly confirmed plan, as amended, all creditors listed in the Debtor's Schedules shall be discharged..

    8. The following executory contracts of the Debtor are rejected:   NONE

    9. The following leases of the Debtor are assumed: NONE

    10. Property of the estate, being any property or income obtained prior or subsequent to an order confirming the Debtor's Chapter 13 Plan, will vest in the Debtor upon confirmation, and the Debtor shall have the sole right to the use and possession of same.


/S/_____          /S/MELVIN M. MURPHY     4-4-16
(DEBTOR)          (DEBTOR) MELVIN M. MURPHY